[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE SUBSTITUTED COMPLAINT
This is an action for compensatory and punitive damages brought by the plaintiff; Presence Studios Westport against the defendant, Freelife International, LLC, arising from the alleged provision by the plaintiff to the defendant of certain technical and other services in exchange for monetary payment.
On July 31, 2000, the plaintiff filed a substituted complaint in seven counts setting forth its claims against the defendant as well as certain prayers for relief.
By its (#118) Motion to Strike, dated December 21, 2000, the defendant has moved this court to strike the seventh count of the substituted complaint because it fails to state a claim upon which relief can be granted. The defendant also moved to have the second, third and fourth paragraphs of the prayer for relief stricken for the reason that the those prayers for relief are similarly defective.
In the seventh count of the substituted complaint[1], the plaintiff; Presence Studios Westport, alleges that the defendant, Freelife International, has violated General Statutes § 42-110, the Connecticut Unfair Trade Practices Act, (CUTPA).
Count seven of the plaintiff's substituted complaint contains the following allegations:
In paragraph twenty-eight, the plaintiff alleges that when it discovered that the defendant had not paid its entire invoice, and informed the defendant that it could not arbitrarily deduct moneys owed from vendors' invoices, the defendant's agent informed the plaintiff that the defendant did this all the time.
In paragraph twenty-nine, the plaintiff additionally alleges that the defendant arbitrarily and without foundation deducted amounts due to vendors that provided services at its conventions and did so unfairly to reduce its own costs.
Finally, in paragraph thirty, the plaintiff makes allegations concerning the hiring of armed guards for the convention.
The defendant brings this motion to strike, contending that the plaintiff cannot bring a claim under CUTPA for a mere breach of contract. CT Page 9820 The plaintiff objects, arguing that it has alleged sufficient facts to show aggravating circumstances, entitling it to bring a CUTPA claim.
"[T]he same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. . . ." (Emphasis added.)Lester v. Resort Camplands International, Inc., 27 Conn. App. 59, 71,605 A.2d 550 (1992). Although there is a split of authority in the Superior Courts regarding what is necessary to establish a CUTPA claim for breach of contract, "the vast majority of Superior Court decisions [conclude] that, absent allegations of sufficient aggravating circumstances, [a] simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]. . . ." (Internal quotation marks omitted.) Princeton Capitol Finance Co. v. Webster Bank, Superior Court, judicial district of Hartford at Hartford, docket No. CV99-0590676 (February 4, 2002, Peck, J.) (31 Conn.L.Rptr. 360, 362) But see EmleeEquipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580, 595 A.2d 951 (1991) (striking a CUTPA claim based on breach of agreement.) "Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule[2], the CUTPA claim may withstand a motion [to strike]. . . . [However,] where a count simply incorporates the reference to the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous or offensive to public policy [it cannot survive a motion to strike]." BlueZone Foundation v. Paradise Properties, Superior Court, judicial district of New London at New London, Docket No. CV00 555904, (July 24, 2001, Hurley, JTR.).
The plaintiff does incorporate several paragraphs of the breach of contract count of the complaint into the CUTPA count. However, the plaintiff also makes additional allegations in support of its CUTPA claim.
In paragraph thirty-one, the plaintiff alleges that the defendant has acted in an unfair and deceptive manner in that it arbitrarily decided not to pay the invoice as presented for the services performed. These allegations are further supported in paragraphs twenty-eight and twenty nine of the substituted complaint, which allege that the defendant arbitrarily refused to pay the debt it owed the plaintiff for services provided and did so unfairly to reduce its own costs. The plaintiff has not merely incorporated the previous allegations of the breach of contract claim, but has provided additional allegations on which to base the CUTPA claim. The plaintiff has also pleaded that these actions are unfair and deceptive.
In a similar case involving a breach of contract for failure to pay, CT Page 9821 the court held that "a plaintiff's count should be stricken if it alleges merely a breach of contract absent any fraud, unfair or deceptive conduct. In this case, the plaintiff has not alleged any aggravating circumstances such as fraud or misrepresentations, but it has made the claim that the defendant failed to specify why it withheld the money allegedly due after demand and failed to follow the statutory requirements absent a claim of a good-faith dispute over the amount owed. Arguably, these allegations have more of the ring of an unfair business practice than a simple breach of contract, and construing them in the light most favorable to the plaintiff, as the court must [when considering a motion to strike], the motion to strike this count must be denied." Production Equipment Co. v. Blakeslee Arpaia Chapman, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. CV94 0247485 (January 3, 1996, Silbert, J.) (15 Conn.L.Rptr. 558, 559).
For the foregoing reasons, the plaintiff's motion to strike count seven of the complaint and the corresponding prayers for relief is hereby denied.
By the Court,
Joseph W. Doherty, Judge